# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-13-CR-515 LY |
| | § | |
| SHANNON CAIN | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The Court conducted a hearing on December 4, 2013, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

## I.  PROCEDURAL BACKGROUND

On February 14, 2002, U.S. District Judge Barefoot Sanders of the Northern District o Texas sentenced Shannon Cain to 120 months of imprisonment, followed by five years of supervised release, after she pled guilty to conspiracy to manufacture, possess, and distribute methamphetamine, in violation of 21 U.S.C. § 846. The Defendant commenced her supervision on March 4, 2010. For a little more than the first three years of her supervision, Cain resided in Dallas, Texas, and was supervised by the Probation Office in the Northern District. She did very well, obtaining stable employment, marrying her current husband, having a very stable residence, and having no substance abuse or criminal problems of any kind. In April 2013, the Northern District Probation Office

requested that this district's office supervise Cain, since she and her husband had relocated to Austin. Thus, on May 3, 2013, the Probation Office conducted a home visit in Cain's new residence in Lago Vista. At that visit, the officer believed that Cain smelled of alcohol, and also noticed that several cases of beer were stored in a kitchen closet. Because Cain's original 2002 judgment had a special supervision condition requiring alcohol abstinence, the officer addressed Cain's use of alcohol with her, and admonished her she was not permitted to consume alcohol.

Those discussions led to Cain informing her officer in Austin that she was not aware of the alcohol abstinence condition, and that the officer supervising her in Dallas was aware that she drank and had not ever indicated that she was violating her conditions by doing so. She also addressed with her officer her anxiety issues. She was then directed to seek counseling for the anxiety and alcohol issues. She admitted herself into a 14-day program to detox and also was prescribed medication for her anxiety issues. After completing the program, she was required to wear a SCRAM ("secure continuous remote alcohol monitoring") monitor for 180 days. In early November 2013, the monitor detected that Cain had consumed alcohol. The officer addressed the issues with Cain, and Cain admitted that she had consumed alcohol, stated that the medications she had been prescribed for her anxiety (lithium and Seroquel) caused her significant problems, and that consuming beer was more effective in handling her anxiety with less side effects. She noted that she did not drive, as she feared she would have a panic attack while driving, so she did not present a danger to anyone when she consumed alcohol. She further indicated that the officer's very strict approach exacerbated the anxiety issues, and she just wanted to be revoked and have her supervised release terminated, as she did not believe she had any chance to successfully complete approximately 18 more months of supervision under the officer.

At that time, on November 21, 2013, the Probation Office submitted its petition alleging that the Defendant violated her conditions by continuing to consume alcohol. The undersigned authorized the issuance of a warrant that same date. Cain was arrested on that warrant on November 26, 2013. On December 4, 2013, Cain and her attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, Cain and her attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "True" to the allegations of petition.

## II. FINDINGS OF THE COURT

1. The Defendant was competent to stand trial on the charges against her, and had both a factual as well as a rational understanding of the proceedings against her.

2. The Defendant does not suffer from any physical or mental impairment that would affect her ability to fully understand the charge against her or the consequences of her plea.

3. The Defendant received a copy of the Petition naming her, and he read it.

4. The Defendant understood the Petition and the charges against her and had the opportunity to discuss the Petition and charges with her attorney.

5. The Defendant waived her preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before a U.S. Magistrate Judge.

7. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government gave a summary of the evidence against the Defendant.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of her statutory and constitutional rights.

11. The Defendant violated conditions of her supervised release by consuming alcohol.

### III. RECOMMENDATIONS

As noted above, for the three years she resided in, and was supervised by, the Northern District of Texas, Cain did very well on supervision. It appears that after relocating to Austin, the probation officer in this district focused too much on one issue, to the exclusion of looking at the "big picture." This is not to say that Cain does not have a problem with anxiety and alcohol. She does. But with the approach taken in the Northern District, both problems appear to have been under reasonable control, and were managed. Cain has a well-documented history of suffering from post-traumatic stress disorder, as a result of a childhood in which, among others abuses, her step-father introduced her to alcohol and marijuana at age 10, and sexually abused her. Despite this background, upon her release from the BOP in 2010, Cain did everything we ask a supervisee to do—she obtained good, stable employment (managing a greenhouse and working for the City of Garland), she had a stable home and family life, and she was not engaging in substance abuse or criminal conduct. From where she stood at the time of her conviction in 2002—a person with a horribly unstable life, addicted to methamphetamine, and unemployed—she was on a good path.

The hyper-technical approach taken by the probation officer here, focused solely on alcohol use—regardless of whether that use was causing other problems—needlessly took Cain off of that path. Cain does not drive, due to her fear of panic attacks, so she does not pose a risk of drinking and driving. Indeed, there was no evidence presented to the Court regarding the level of Cain's drinking, no evidence that Cain was ever intoxicated, nor any evidence that Cain ever had any particular blood alcohol level. In other words, while it appears clear that Cain has a problem with

<a>4</a>

alcohol, it is not a serious public safety issue deserving of the level of attention that was given to it here.

Having considered all of the above, and because Cain is a person who has access to her own resources and insurance and her problems appear to be better dealt with by private resources, IT IS RECOMMENDED that Cain's supervised release be revoked, she be sentenced to a term of TIME SERVED with no supervised release to follow.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 4th day of December, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE